No. 905.

MATHILDE BIENVENU, WIFE OF T. BROUSSARD, VS. VALSIN A. FOURNET.

The defenses to this suit, brought on certain promissory notes secured by mortgage, are not well founded.
There is nothing to indicate that the debt sued on originated in the loan of Confederate money, or of Confederate money received by the defendant from the plaintiff. The notes were given, not for a loan, but in payment of a debt acknowledged to be due.
As to prescription, it has been interrupted by the acknowledgment of the debt.
The debt was a community debt, and the property mortgaged was community property. As such the defendant, being the head of the community, could be sued without regard to his wife, and whether the wife was dead or not.
It is no concernment of the defendant's that the mortgaged property has been sold. This is a matter between the plaintiff and the purchasers. should the plaintiff endeavor to exercise his rights. The only question is, whether, as between the plaintiff and defendant, the debt sued on is due, and whether the property mortgaged is, as between them, subject to the payment of the debt. This court thinks it is.
The district judge rendered judgment in favor of the plaintiff for the amount claimed, but denied her the right of mortgage. In this he erred. The plaintiff is entitled to both debt and mortgage.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train*, J. *Breaux & King*, for plaintiff and appellant. *DeBlanc & Perry*, for defendant and appellee.

MORGAN, J. The suit is on certain promissory notes secured by mortgage for $4108 44, with interest at eight per cent from twentieth March, 1862.

The defenses are:

First—The consideration of the notes sued on was Confederate money.

Second—Prescription.

Third—If due and not prescribed, the notes are due by the community which existed between defendant and his wife, and, if payable, should only be paid out of the proceeds of the sale of the property mortgaged, the sale having already taken place.

The conclusions to which we have come upon the merits render it unnecessary that we should examine the bills of exception.

First—There is nothing to indicate that the debt sued on originated in the loan of Confederate money or of Confederate money received by the defendant from the plaintiff.

The act of mortgage, after relating the appearance of the parties, recites:

"Lesquel déclare devoir bien et légitimement à Mons. Thélesphore Bienvenu, demeurant dans la susdite paroisse, la somme de six mille deux cents 62-100 piastres, balance dûe par le dit V. A. Fournet au dit Thélesphore Broussard *par réglement de compte* fait entre eux ce jourd'hui, laquelle somme le dit V. A. Fournet s'oblige de payer et remburser au dit Broussard par tiers égaux dans un, deux, et trois ans à partir de la date des présentes."

So that the notes were given not for a loan, but in payment of a debt acknowledged to be due. We see nothing Confederate in the transaction. It is simply the acknowledgment of a debt, to be paid at a certain time.

Second—Prescription has been interrupted by the acknowledgment of the debt.

Third—The debt was a community debt, and the property mortgaged was community property. As such, the defendant, being the head of the community, could be sued without regard to his wife, and whether the wife was dead or not. 26 An. 690.

It is no concernment of the defendant's that the mortgaged property has been sold. This is a matter between the plaintiff and the purchasers, should the plaintiff endeavor to exercise his rights. The only question before us is whether as between the plaintiff and defendant the debt sued on is due, and whether the property mortgaged is, as between them, subject to the payment of the debt. We think it is.

The district judge rendered judgment in favor of the plaintiff for the amount claimed, but denied her the right of mortgage. In this we think there is error. The plaintiff, we think, is entitled to both debt and mortgage.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by granting to the plaintiff the mortgage as described in the petition, and that as thus amended the judgment be affirmed, the appellees to pay costs in both courts.